Judge Logan
delivered the opinion of the court.
This was a suithpon conflicting claims to land, in which the defendants, who were the complainants below, recovered a decree as heirs of Charles Patterson, dec. against Owings; and to that decree Owings prosecutes his writ of error, assigning, among others, as error, that the complainants had not shewn that they were heirs of said Patterson.
The bill alledges, that they are heirs, and claim through Patterson, who held the bond of the patentee under various assignments. To which the defendant, in his answer, responds, that “so far as respects the several contracts, obligations, assignments, and other things under which the com-
plainants claim title to the said land, he knows nothing of fhem — he doth not admit them to exist, nor their sufficiency, if they exist, to give to the complainants the right they claim in the cause. He therefore puts the complainants on the proof of these several matters.”
Every fact, material to the complainants’ right of recovery, alledged and not admitted, and Which cannot be presumed to have been within the knowledge of the defendant, must be proved. This, as a rule, founded on the plainest dictates of reason and propriety, can admit of no doubt. But whether, from the answer in this cause, the court ought to infer an admission, by the defendant, of the complainants as the heirs of Charles Patterson, is the only question in relation to the present point necessary to be noticed? Whether the defendant intended to put in issue the fact, is not very certain. But that he did not intend to admit it, is equally eertain. Indeed every thing, except the making ot the entry, survey, and the procurement of the patent., seems to have been intended as a denial rather than as admission the defendant. As well from principle, therefore, as according to the opinion in the case of Oldham vs. Rowan, 3 Bibb, 539, the decree must be reversed.